**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ATTEBURY GRAIN LLC, a limited liability company, | No. 16-55729 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-05258-R-PJW |
| v. | |
| GRAYN COMPANY, a corporation, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| VICENTE CORTEZ, an individual, | |
| Defendant-Appellant. | |

| | |
|---|---|
| ATTEBURY GRAIN LLC, A limited liability company, | No. 16-55746 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-05258-R-PJW |
| v. | |
| GRAYN COMPANY, a corporation, | |
| Defendant-Appellant, | |
| and | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

VICENTE CORTEZ, an individual,

Defendant.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and COLLINS,[**] Chief District Judge.

Vicente Cortez and Grayn Co. appeal the district court's entry of summary judgment against them for intentional fraudulent transfer, constructive fraudulent transfer, and unjust enrichment. We affirm in part, reverse in part, and remand for further proceedings.

Cortez sold Superior Grain, a corn processing company, to his adult children in 2009. Under their management, Superior went broke and did not pay more than $825,000 owed for corn purchased on credit from Attebury Grain. Attebury filed an arbitration action against Superior for breach of contract. Two months later, Cortez paid Superior $140,000 for assets appraised at $306,900 plus "a certain quantity of corn that was there." Cortez then founded a new company to do the

[**] The Honorable Raner C. Collins, Chief United States District Judge for the District of Arizona, sitting by designation.

same type of business that had been handled by Superior. His new company, named Grayn, used Superior's assets and retained Superior's customers, employees, and directors. Attebury prevailed on its arbitration claim and obtained a judgment lien against Superior, prompting Superior to file for bankruptcy. Attebury now seeks to recover its unpaid debt from Cortez and Grayn.

The district court properly entered summary judgment against Cortez and Grayn on the intentional fraudulent transfer claim. Under California law, a transaction may be voided if a debtor makes a transfer with the intent to "hinder, delay, or defraud" its creditors. Cal. Civ. Code § 3439.04(a)(1). This intent can be inferred based on consideration of the statute's non-exhaustive list of eleven badges of fraud. *See id.* § 3439.04(b). Here, the first, third, fourth, eighth, ninth, and tenth factors weigh in favor of finding that Superior transferred assets and inventory to Cortez with the intent to defraud its creditors, while the remaining factors are at most neutral. *See id.* Grayn admits it acquired the assets and inventory for free, so it has not carried its burden of showing that it was a good faith transferee of Cortez. *See id.* § 3439.08(a), (f). Any reasonable juror would have to conclude that Superior's transfer was made with actual intent to defraud Attebury, and that Attebury can avoid the transfers from Superior to Cortez and from Cortez to Grayn.

In addition, the district court properly entered summary judgment against

3

Cortez and Grayn on the alternative constructive fraudulent transfer claim. Under California law, a transfer is voidable if the transferor did not receive reasonably equivalent value and it believed, or should have believed, that it would incur debts beyond its ability to pay. *Id.* § 3439.04(a)(2)(b). Cortez contends that he paid $140,000 and extinguished a security interest against Superior's assets worth $250,000 "[i]n 2012." But Cortez presented no evidence of this transaction, and we see none in the record. Based on the available evidence, any reasonable juror would have to find that Cortez's payment of $140,000 was not reasonably equivalent value for the $306,900 worth of assets plus an unspecified value of corn inventory that he received. And any reasonable juror would also have to find that Superior either believed, or should have believed, that it was about to be bankrupted by an adverse judgment in Attebury's breach of contract action.

Finally, the district court erred by granting summary judgment for Attebury on its legally deficient unjust enrichment claim. Attebury's theory of unjust enrichment does not lie against Cortez or Grayn as alter egos of or successors to Superior for Superior's unpaid debt. Attebury's relationship with Superior was defined by contract, so Attebury cannot advance a quasi-contract action premised on Superior's breach of that contract. *See Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). Nor can Attebury bring an unjust enrichment claim against Cortez or Grayn for their receipt of Superior's assets

4

without having given adequate payment.  This theory describes a viable fraudulent transfer claim, which displaces an unjust enrichment cause of action.  *See Hernandez v. Lopez*, 103 Cal. Rptr. 3d 376, 381 (Cal. Ct. App. 2009).  Unjust enrichment is a valuable basis for a claim to "fill in the cracks" where other causes of action fail to achieve justice, but because the fraudulent transfer claim could be presented here, and was presented successfully, there were no cracks to be filled by this unjust enrichment claim.  *See id.*  Besides, restitution would return Cortez and Grayn's unfair benefit to the now-defunct Superior, not to Superior's creditors or other third parties with a claim against Superior.  *See FDIC v. Dintino*, 84 Cal. Rptr. 3d 38, 49 (Cal. Ct. App. 2008).

On remand, the district court should dismiss Attebury's claim for unjust enrichment, *see* Fed. R. Civ. P. 8(a)(2), and determine the amount of damages due on the fraudulent transfer claims alone.

Each party shall bear its own costs on appeal.  *See* Fed. R. App. P. 39(a)(4).

**AFFIRMED in part, REVERSED in part, and REMANDED.**